# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RYLIN TURLEY**<br><br>**Defendant(s)** | )<br>)<br>)  Case No.  **5:24-mj-351 (MJK)**<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 3, 2024 in the county of Jefferson in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transportation of child pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☒  Continued on the attached sheet.

*Cory R Shepard*
Complainant's signature

Cory Shepard, Task Force Officer, HSI
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  **8/4/2024**

*Mitchell J Katz*
Judge's signature

City and State:  Syracuse, NY          Hon. Mitchell J. Katz, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Cory Shepard, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I am a Customs and Border Protection Officer (CBPO) with the U.S. Department of Homeland Security (DHS), Customs and Border Protection (CBP), and as such I am empowered by law to investigate and make arrest for offenses enumerated in Title 18, United States Code, Section 2252A.

2. I have been employed as a Task Force Officer (TFO) since November 2020 and I am currently assigned to the Homeland Security Investigations (HSI) Task Force Resident Agency Office in Alexandria Bay, New York.  While assigned to HSI, I have been responsible for enforcing customs laws, immigration laws and federal criminal statutes of the United States.  My responsibilities as a TFO with HSI include, but are not limited to, conducting investigations, executing arrest warrants, executing search warrants, collecting evidence, and interviewing witnesses.  I have been a TFO for approximately three and one-half years and have investigated and/or participated in investigations of child pornography, narcotics, smuggling, and immigration offenses.  My duties include the enforcement of federal criminal statutes involving the sexual exploitation of children, as codified in Title 18, United States Code, Sections 2251 through 2259.  I have participated in searches of premises and assisted in gathering evidence by means of a search warrant.  I have received training in the area of the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms, including video and computer media.

3. This affidavit is made in support of an application for a criminal complaint charging Rylin TURLEY with transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1).

4. The statements contained in this affidavit are based upon my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, and information provided to me by other law enforcement officers. I have not set forth every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant has violated Title 18, United States Code, Section 2252A(a)(1) (transportation of child pornography).

## FACTS SUPPORTING PROBABLE CAUSE

6. On or about August 3, 2024, at approximately 10:39 p.m., Rylin TURLEY entered the United States from Canada through the Alexandria Bay, NY Port of Entry. TURLEY was traveling in a vehicle with three other individuals. Officers referred TURLEY for a secondary inspection.

7. As part of that secondary inspection TURLEY was found in possession of an iPhone on his person. TURLEY provided an officer with the access code. A CBP officer manually reviewed TURLEY's cell phone.[1]

8. During that review, a supervisory CBP officer looked in the Photos App of the iPhone. Within that app, the officer navigated to "Recently Deleted" items. There, the

---

[1] A manual review of a phone involves browsing the content on the device itself, as the user would, rather than completing a forensic extraction of the data for review on a different device.

officer observed a video[2] that depicted an adult male penis penetrating a female child approximately 10 years of age. Upon observing this video, CBP notified HSI for further investigation.

9. I reported to the port of entry to assist the investigation. I also performed a manual review of TURLEY's phone. First, I confirmed the content of the video described in the previous paragraph, which was initially observed by the CBP officer. Next, I looked in other places on the phone that might contain media files.

10. One of the locations I reviewed was a storage app on the phone (App A). According to the Apple app store listing for this app, it is "[t]he best app to protect and hide your private photos & videos. Over millions of people trust [App A] to keep their photos & videos hidden." Based on my training and experience in other investigations, I know that individuals engaged in the possession, receipt, and transportation of child pornography, as defined in 18 U.S.C. § 2256, use App A and similar apps to store and hide child pornography and child sexual abuse material.

11. Within App A, I observed multiple videos and images that contained child pornography. For example:

    a. One video, labeled 469 of 558, located in the "main" folder, is approximately 18 minutes 57 seconds in length. This video depicts an adult male who penetrates the naked vagina of a prepubescent female child approximately 6 to 8 years old, both digitally and with his penis.

    b. Another video file, labeled 525 of 558, depicts the vagina of a prepubescent female child approximately 8 years old being penetrated by an adult male

---

[2] This file and the others described in this affidavit will be made available for the Court's inspection upon request.

penis. The adult male can also be seen choking the female child with his hand.

    12.    TURLEY was advised of his *Miranda* rights and subsequently agreed speak further with interviewing agents. The interview was audio and video recorded. During the interview, in sum and substance:

    a.    TURLEY acknowledged receiving child pornography material on a social media messaging app (App B), approximately two or three months ago. TURLEY stated that he downloaded the material on the app during a single use.

    b.    TURLEY stated that after he downloaded the files from App B, he saved it to an account he has with App C.[3] He said that he then deleted App B because he "didn't want to be part of their group anymore . . . to be done with it and try to not get in trouble." TURLEY stated that he transferred the files to App C so he could still have access to the materials.

    c.    TURLEY stated that there "may be" files that he downloaded from App B as mentioned above, also stored within App A on his phone.

    d.    TURLEY indicated that he was attracted to the material downloaded from App B.

---

[3] The Apple app store listing for App C describes the program as follows: "[App C] provides user-controlled encrypted cloud storage that's accessed with web browsers and dedicated apps for mobile devices. Unlike other cloud storage providers, your data is encrypted and decrypted by your client devices only and never by us [App C employees]."

4

**CONCLUSION**

13. Based on the above information, there is probable cause to believe that Rylin TURLEY has violated Title 18, United States Code, Section 2252A(a)(1) (transportation of child pornography).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_Cory R Shepard_
Cory Shepard, Task Force Officer
Homeland Security Investigations

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on August 4, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_Mitchell J Katz_
Hon. Mitchell J. Katz
United States Magistrate Judge